**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **AKEEM BAGLEY,** | § | |
| ***Plaintiff*,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:21-cv-1335** |
| | § | |
| **RUDY GUILLEN** | § | |
| ***Defendant*.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

> "[A] constitutional violation occurs when an officer tases, strikes, or violently slams an arrestee who is not actively resisting arrest."

Darden v. City of Fort Worth, Texas, 880 F.3d 722, 731 (5th Cir. 2018).

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COMES NOW, Akeem Bagley, complaining of Rudy Guillen, and for cause of action will respectfully show unto the Court as follows:

## SUMMARY

On May 30, 2019, Defendant Officer Rudy Guillen of the Harris County Constable's Office tased Plaintiff Akeem Bagley multiple times as Mr. Bagley stood still in a defenseless position, as he was compliant, nonthreatening, and non-resistant. This was an unnecessary and unreasonable amount of force used against Mr. Bagley, which was clearly excessive to the need. Additionally, Defendant Guillen illegally arrested and imprisoned Mr. Bagley, even though Defendant Guillen did not have probable cause that Mr. Bagley had committed a crime as evidenced by Mr. Bagley's cell phone recording of the encounter. Mr. Bagley brings this suit for violations of his constitutional rights under the Fourth Amendment to the United States Constitution to be free from illegal detention, unlawful arrest, and excessive force.

## I.
## PARTIES

1. Plaintiff Akeem Bagley is an individual residing in Harris County, Texas.

2. Defendant Rudy Guillen is an individual residing in Harris County, Texas, and is a police officer with the Harris County Constable Office Precinct 1, and may be served at his place of employment at the Harris County Constable Office Precinct 1 located at 1302 Preston St, Houston, TX 77002, or wherever he may be found. Defendant Guillen is being sued in his individual capacity.

## II.
## JURISDICTION AND VENUE

3. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343 since Plaintiff is suing for relief under 42 U.S.C. § 1983.

4. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391 because the Defendant resides in the Southern District of Texas and all of the causes of action accrued in the Southern District of Texas.

## III.
## FACTS AND ALLEGATIONS

5. On May 30, 2019, Defendant Officer Rudy Guillen conducted a traffic stop of Plaintiff Akeem Bagley and issued him a citation for stopping his vehicle too close to railroad tracks.

6. After this traffic stop and police interaction concluded, Mr. Bagley went to a gas station where he again encountered Defendant Guillen.

7. Mr. Bagley began recording the interaction on his cellular phone.

8. While in his patrol vehicle, Defendant Guillen began to quarrel with Mr. Bagley stating he "did something wrong" and was "educated on the railroad."

9. Mr. Bagley and Defendant Guillen left the gas station, separately, but at the same time, and began driving in the same direction.

10. Mr. Bagley left his cell phone recording as he drove away from the gas station.

11. After Mr. Bagley drove past him, Defendant Guillen pulled over Mr. Bagley.

12. After leaving the gas station, Mr. Bagley had not committed any traffic violations and had not committed any crimes that would justify Defendant Guillen detaining him.

13. Defendant Guillen exited his patrol vehicle and approached the driver's side of Mr. Bagley's car.

14. Mr. Bagley held his cell phone in his right hand and continued recording as Defendant Guillen approached his vehicle.

15. Defendant Guillen ordered Mr. Bagley to put his hands on the steering wheel.

16. Mr. Bagley immediately complied by placing his hands on his steering wheel.

17. Defendant Guillen then demanded to see Mr. Bagley's driver license.

18. Mr. Bagley pulled his wallet from his pocket and stated, "may I ask the reason?"

19. Defendant Guillen threatened that Mr. Bagley would be arrested unless he complied by showing his driver license.

20. Mr. Bagley asked Defendant Guillen why he needed to show his driver license and the basis for being pulled over, as Mr. Bagley had not committed any traffic infractions or other crimes to justify his detention.

21. Mr. Bagley stated that he had not violated any traffic laws and that he had used his turn signal.

22. After hearing this, and for the first time, Defendant Guillen then immediately accused Mr. Bagley of not using a turn signal.

23. However, as can be clearly heard in Mr. Bagley's own cell phone video, which continued to record after leaving the gas station, Mr. Bagley did use turn signals.

24. Thus, it was clear that Defendant Guillen did not have reasonable suspicion that Mr. Bagley had committed any crime when he detained Mr. Bagley by performing a traffic stop with his department issued vehicle.

25. Defendant Guillen then opened Mr. Bagley's car door and commanded that Mr. Bagley exit his car.

26. Mr. Bagley unbuckled his seat belt to exit his vehicle to comply with the order.

27. However, despite Mr. Bagley's compliance with the order to exit his vehicle, Defendant Guillen removed his taser from his holster, activated it so that Mr. Bagley could hear the clicking sound coming from the taser, and pointed it at Mr. Bagley.

28. As Mr. Bagley had complied with all orders given to him by Defendant Guillen, the only reason Defendant Guillen would have activated his taser was to intimidate Mr. Bagley with the audible clicking coming from the taser.



29. The image above is a still shot from Mr. Bagley's cell phone recording taken as Mr. Bagley was exiting his vehicle, which shows Defendant Guillen pointing his activated taser at Mr. Bagley and demanding he exit his vehicle, despite not having legal authority to even detain Mr. Bagley at the time.

30. After Mr. Bagley exited his vehicle in compliance with Defendant Guillen's order, Defendant Guillen commanded that Mr. Bagley turn around and put his hands behind his back. Mr. Bagley complied with this order by turning around and putting his hands in a defenseless position on his vehicle.

31. At this point, Mr. Bagley was standing facing his car with his hands resting on the roof of the vehicle while Defendant Guillen was standing directly behind Mr. Bagley with his taser activated and audibly clicking.



32. The image above is a still shot from Mr. Bagley's cell phone recording, which shows Defendant Guillen standing behind Mr. Bagley after Mr. Bagley had turned around to face his vehicle in compliance with Defendant Guillen's order.

33. Without warning, Defendant Guillen put his arm around Mr. Bagley and knocked Mr. Bagley's phone out of his hand.



34. The above images are still shots from Mr. Bagley's cell phone recording, which depict Defendant Guillen reaching around Mr. Bagley and knocking his cell phone out of his hand.

35. Defendant Guillen then applied his activated taser to Mr. Bagley's back and tased him without warning.

36. Defendant Guillen told Mr. Bagley to stop resisting.

37. However, as he was in a defenseless position facing his vehicle with his hands against the car and standing stationary without making any movements indicating an intent to flee or an intent to cause physical harm to Defendant Guillen, Mr. Bagley was not resisting.

38. To the contrary, Mr. Bagley had complied with the orders given to him at the time that Defendant Guillen tased him.

39. Mr. Bagley suffered physical injuries when Defendant Guillen tased him in the back without warning.

40. Mr. Bagley's injuries were severe enough to warrant EMS being called.

41. Mr. Bagley was taken to jail and held for 24 hours.

42. Mr. Bagley was charged with interfering with public duties.

43. Defendant Guillen did not have probable cause to support arresting Mr. Bagley for the offense of interfering with public duties as Defendant Guillen was aware that Mr. Bagley did not commit the offense of interfering with public duties when Defendant Guillen arrested Mr. Bagley.

44. On July 22, 2020, these charges were dismissed, after the prosecution saw the video of what happened.

45. At all times relevant to this lawsuit, Defendant Guillen was acting under color of law, as he was in full police uniform, used his department issued vehicle to perform the traffic stop on Mr. Bagley, used his department issued taser to tase Mr. Bagley, and then arrested Mr. Bagley and took him to jail.

## IV.
## CAUSE OF ACTION

### Count One

### Excessive Force
### Violation of the Fourth Amendment Pursuant to 42 U.S.C. § 1983
### Against Defendant Guillen

46. Mr. Bagley repeats and re-alleges each and every allegation contained in the above paragraphs as if fully repeated herein.

47. Acting under the color of law, Defendant Guillen deprived Mr. Bagley of the rights and privileges secured to him by the Fourth Amendment to the United States Constitution and by other laws of the United States to be free from illegal and unreasonable seizures by the use of force.

48. Mr. Bagley brings this cause of action pursuant to 42. U.S.C. § 1983.

49. The amount of force used by Defendant Guillen against Mr. Bagley as described above, specifically but not limited to when Defendant tased Plaintiff without warning or justification despite Plaintiff being compliant, defenseless, nonthreatening, and non-resistant, was objectively unreasonable under the circumstances and inflicted unnecessary injury, pain and suffering upon Plaintiff.

50. A seizure is unreasonable if it results in (a) an injury, (b) that resulted directly and only from a use of force that was clearly excessive, and (c) the excessiveness was clearly unreasonable.

51. It is clearly established that officers cannot immediately resort to a taser without attempting to use physical skill, negotiation, or even commands. *Newman v. Guedry* 703 F.3d 757, 763 (5th Cir. 2012); *Deville v. Marcantel*, 567 F.3d 156, 168 (5th Cir. 2009).

52. It is also clearly established that a constitutional violation occurs when an officer **tases**, strikes, or violently slams **an arrestee who is not actively resisting arrest**. (emphasis added) *Darden v. City of Fort Worth, Texas,* 880 F.3d 722, 731 (5th Cir.).

53. Fifth Circuit case law makes clear that when an arrestee is not actively resisting arrest the degree of force an officer can employ is reduced. *Id.*

54. Plaintiff was not suspected of committing a felony offense immediately prior to and at the time when Defendant Guillen tased him.

55. Defendant Guillen claimed to have only detained Plaintiff for the misdemeanor traffic offense of failing to use a blinker; however, Plaintiff's cell phone

recording proves that Plaintiff did in fact use his blinker as required prior to being detained by Defendant Guillen.

56. Plaintiff was not threatening any officer or other person immediately prior to and at the time when Defendant Guillen tased him as Plaintiff was standing still, with his back to Defendant Guillen as instructed, with his hands in view against his vehicle, and was not making any verbal threats or physical threats.

57. Plaintiff was not attempting to evade arrest immediately prior to and at the time when Defendant Guillen tased him as Plaintiff was standing still, with his back to Defendant Guillen as instructed, with his hands in view against his vehicle, and did not make any movements indicating an intent to flee or evade arrest. Additionally, Defendant Guillen had given Mr. Bagley a citation earlier that day and knew Mr. Bagley's identifying information.

58. Plaintiff was not resisting arrest immediately prior to and at the time when Defendant Guillen tased him as Plaintiff was standing still, with his back to Defendant Guillen as instructed, with his hands in view against his vehicle, in compliance with Defendant Guillen's orders.

59. As evidenced by video of the incident, Plaintiff was not holding a weapon and Defendant Guillen was not aware of any facts that would lead him to believe Plaintiff was armed with a weapon.

60. At no point did Mr. Bagley reach toward his waistband or toward a pocket that may have held a weapon, or commit any other act to give Defendant Guillen reason to believe Mr. Bagley was reaching for a weapon.

61. A reasonable officer would know that the use of force is <u>clearly excessive</u> when engaging with citizens such as Plaintiff, who was not threatening any officer or other

person, had committed no crime, was not attempting to evade or resist arrest, was not holding a weapon, was compliant with Defendant Guillen's orders, and who the use of force was not warranted.

62. A reasonable officer would know that the use of force is clearly unreasonable when engaging with citizens such as Plaintiff, who was not threatening any officer or other person, had committed no crime, was not attempting to evade or resist arrest, was not holding a weapon, was compliant with Defendant Guillen's orders, and who the use of force was not warranted.

63. As a direct result of the force used against him by Defendant Guillen, Plaintiff has suffered physical injury, pain, and mental anguish for which he sues herein.

64. These injuries were not caused by any other means.

65. When Defendant Guillen used excessive force against Mr. Bagley, Defendant Guillen was acting under color of law, as he was in full police uniform, used his department issued vehicle to perform the traffic stop on Mr. Bagley, used his department issued taser to tase Mr. Bagley, and then arrested Mr. Bagley and took him to jail.

## Count Two

## Unlawful Arrest
## Violation of the Fourth Amendment Pursuant to 42 U.S.C. § 1983
## Against Defendant Guillen

66. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs as if fully incorporated herein.

67. No right is held more sacred, or is more carefully guarded by the common law, than the right of every individual to the possession and control of his own person,

free from all restraint or interference of others, unless by clear and unquestionable authority of law. *Terry v. Ohio*, 392 U.S. 1, 9 (1968).

68. Defendant Guillen deprived Plaintiff of his constitutionally protected right to be free from unreasonable seizures under the Fourth Amendment by unlawfully arresting him despite lacking probable cause that any crime had been committed as Plaintiff had not committed the offense of interference with public duties or any other offense.

69. To prevail on his section 1983 false arrest claim, Mr. Bagley must show that Defendant Guillen did not have probable cause to arrest him. *Haggerty v. Texas S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004); *See Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir.2001) ("The 'constitutional torts' of false arrest ... require a showing of no probable cause.").

70. There can be no doubt that the right not to be arrested absent probable cause was clearly established at the time of Mr. Bagley's arrest. *Alexander v. City of Round Rock*, 854 F.3d 298, 306–07 (5th Cir. 2017).

71. To determine the presence or absence of probable cause, the totality of the circumstances surrounding the arrest must be considered.

72. Defendant Guillen intentionally arrested Plaintiff by restraining him in handcuffs, later confining him in the back of a police car, without a warrant, without his consent, and without any legal justification.

73. Plaintiff did not consent to his restraint or confinement and was conscious of it.

74. Defendant Guillen willfully arrested Plaintiff by telling Plaintiff he was being arrested and by restraining Plaintiff in handcuffs and later in a patrol vehicle.

75. Plaintiff did not consent to being restrained in handcuffs or to being restrained in the patrol vehicle.

76. Defendant Guillen did not have probable cause to support arresting Plaintiff as he did not see Plaintiff commit a crime, and Plaintiff did not commit the offense of interference with public duties or any other offense.

77. In Texas, a person commits the offense of interference with public duties if the person "with criminal negligence interrupts, disrupts, impedes or otherwise interferes with: (1) a peace officer while the peace officer is performing a duty or exercising authority imposed or granted by law." TEX. PENAL CODE § 38.15(a)(1).

78. It is a defense to prosecution of this offense if: "the interruption, disruption, impediment, or interference alleged consisted of speech only." TEX. PENAL CODE § 38.15(d).

79. Texas courts have recognized that merely arguing with a police officers about the propriety of their conduct, falls within the speech exception to Section 38.15. *Freeman v. Gore*, 483 F.3d 404, 414 (5th Cir.2007).

80. During the incident Plaintiff's conduct did not stray from the realm of speech as Plaintiff simply asked Defendant Guillen why he needed to show his driver license and asked the basis for being pulled over, as he was aware that he had not committed any offense to justify his detention.

81. During the incident, Plaintiff did not physically interfere with the Defendant's commands as Plaintiff complied with Defendant's order to exit the vehicle and complied with Defendant's order to turn around.

82. Thus, it was clearly established on the date of this incident that Defendant Guillen could not arrest Mr. Bagley for questioning the reason for his detention and the need to turn over his driver license as these actions did not constitute the offense of Interference with Public Duties. TEX. PENAL CODE § 38.15(d); *Freeman*, 483 F.3d at 414.

83. Defendant Guillen did not have authority of law to arrest Plaintiff as he did not have a warrant or probable cause to arrest him, and no other exigent circumstances existed justifying his arrest.

84. By knowingly and intentionally arresting Plaintiff without consent, without probable cause, and without legal justification, Defendant Guillen deprived Plaintiff of his Fourth Amendment right to be free from unreasonable seizures.

85. As a result of the illegal arrest, Plaintiff suffered injuries.

86. As a result of the illegal arrest, Defendant Guillen deprived Plaintiff of his civil, constitutional, and statutory rights and is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

87. Plaintiff was damaged as a result of wrongful acts as his liberty was deprived and he suffered emotional distress and mental anguish.

88. When Defendant Guillen falsely arrested Mr. Bagley, Defendant Guillen was acting under color of law, as he was in full police uniform, used his department issued vehicle to perform the traffic stop on Mr. Bagley, used his department issued taser to tase Mr. Bagley, and then arrested Mr. Bagley and took him to jail.

## Count Three

## Illegal Detention
## Violation of the Fourth Amendment Pursuant to 42 U.S.C. § 1983
## Against Defendant Guillen

89. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs as if fully incorporated herein.

90. No right is held more sacred, or is more carefully guarded by the common law, than the right of every individual to the possession and control of his own person, free from all restraint or interference of others, unless by clear and unquestionable authority of law. *Terry*, 392 U.S. at 9.

91. Defendant Guillen deprived Plaintiff of his constitutionally protected right to be free from unreasonable seizures under the Fourth Amendment by unlawfully detaining him despite lacking reasonable suspicion that any crime had been committed as Plaintiff had not committed the offense of failure to use a turn signal or any other offense justifying his detention.

92. To prevail on a claim for unlawful seizure a plaintiff must allege facts that if true show that the defendant police officer lacked reasonable suspicion to detain or probable cause to arrest the Plaintiff. *Connors v. Graves*, 538 F.3d 373, 377 (5th Cir. 2008) (discussing showing of no probable cause with respect to claim for unlawful seizure); *Haggerty*, 391 F.3d at 655.

93. Unlawful detention implicates the Fourth Amendment's proscription against unreasonable seizures. *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 845 (5th Cir. 2009) *See Terry*, 392 U.S. at 16 ("[W]henever a police officer accosts an individual and restrains his freedom to walk away, he has 'seized' that person.").

94. Under *Terry*, an officer may temporarily detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity may be afoot. *United States v. Sokolow*, 490 U.S. 1, 7, 104 L. Ed. 2d 1, 109 S. Ct. 1581 (1989); *United States v. Jones*, 234 F.3d 234, 241 (5th Cir. 2000).

95. The suspicion required to justify such a detention need not rise to the level of probable cause but must be based on more than an unparticularized suspicion or hunch. *Jones*, 234 F.3d at 241.

96. In determining whether reasonable suspicion existed to justify the defendant's continued detention, the Court must look at the totality of the circumstances. *Id*.

97. Here, Defendant Guillen did not have reasonable suspicion that Mr. Bagley had committed, was committing, or was about to commit any crime when Defendant Guillen performed a traffic stop, detaining Mr. Bagley in his vehicle.

98. Defendant Guillen could point to no articulable facts supporting reasonable suspicion, as no crime had been committed by Mr. Bagley, which his cell phone recording clearly demonstrates.

99. Defendant Guillen claimed, only after being prompted by Mr. Bagley, that Mr. Bagley failed to use his turn signal; however, Mr. Bagley's cell phone recording proves that Mr. Bagley did in fact use his turn signals as required.

100. Thus, Defendant Guillen did not see Mr. Bagley fail to use his turn signal and had no reasonable suspicion that Mr. Bagley had committed any crime when he detained Mr. Bagley.

101. Accordingly, Defendant Guillen violated Mr. Bagley's Fourth Amendment rights to be free from illegal seizure when he detained Mr. Bagley without reasonable

suspicion or probable cause that Mr. Bagley had committed, was committing, or was about to commit a crime.

102. As a result of the illegal detention, Mr. Bagley suffered injuries.

103. As a result of the illegal detention, Defendant Guillen deprived Mr. Bagley of his civil, constitutional, and statutory rights and is liable to Mr. Bagley pursuant to 42 U.S.C. § 1983.

104. Mr. Bagley was damaged as a result of wrongful acts as his liberty was deprived and he suffered emotional distress and mental anguish.

105. During the course of this illegal detention, Defendant Guillen used excessive force against Mr. Bagley by tasing him and then falsely arrested Mr. Bagley without probable cause that he had committed any crime.

106. When Defendant Guillen illegally detained Mr. Bagley, Defendant Guillen was acting under color of law, as he was in full police uniform, used his department issued vehicle to perform the traffic stop on Mr. Bagley, used his department issued taser to tase Mr. Bagley, and then arrested Mr. Bagley and took him to jail.

## V. DAMAGES

107. Mr. Bagley repeats and re-alleges each and every allegation contained in the above paragraphs as if fully repeated herein.

108. Mr. Bagley's injuries were a foreseeable event. Those injuries were directly and proximately caused by Defendant Guillen's use of excessive and unreasonable force. As a result, Mr. Bagley is entitled to recover all actual damages allowed by law.

109. Mr. Bagley contends the Defendant's conduct constitutes malice, evil intent, or reckless or callous indifference to Mr. Bagley's constitutionally protected rights. Thus, Mr. Bagley is entitled to punitive damages.

110. As a direct and proximate result of the occurrence which made the basis of this lawsuit, Mr. Bagley was forced to suffer:

a. Physical pain and suffering;

b. Emotional distress, torment, and mental anguish, and

c. Deprivation of liberties.

111. Pursuant to 42 U.S.C. § 1983 and § 1988, Mr. Bagley seeks to recover and requests the award of punitive damages, reasonable attorney's fees, and costs of court.

## VII.
## ATTORNEY'S FEES

112. If Mr. Bagley prevails in this action, by settlement or otherwise, Mr. Bagley is entitled to and hereby demands attorney's fees under 42 U.S.C. § 1988.

## VIII.
## JURY REQUEST

113. Plaintiff respectfully requests a jury trial.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Akeem Bagley, prays that judgment be rendered against Defendant Rudy Guillen for an amount in excess of the jurisdictional minimum of this Court. Mr. Bagley further prays for all other relief, both legal and equitable, to which he may show himself justly entitled.

Respectfully submitted,

*/s/ Scott H. Palmer*
SCOTT H. PALMER,
Texas Bar No. 00797196

*/s/ James P. Roberts*
JAMES P. ROBERTS,
Texas Bar No. 24105721

SCOTT H. PALMER, P.C.
15455 Dallas Parkway, Suite 540
Addison, Texas 75001
Telephone: 214.987.4100
Facsimile: 214.922.9900
scott@scottpalmerlaw.com
james@scottpalmerlaw.com

ATTORNEYS FOR PLAINTIFF