United States District Court
Southern District of Texas
**ENTERED**
June 13, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AKEEM BAGLEY, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:21-CV-01335 |
| § | |
| RUDY GUILLEN, § | |
| § | |
| Defendant. § | |

## MEMORANDUM & ORDER

In a pretrial conference held on June 12, 2024, the Court addressed a number of evidentiary disputes, resolving some and holding others over for trial. The Court now writes to resolve the remaining disputes raised in the Parties' Motions *in Limine* and objections. ECF No. 59.

### I. BACKGROUND

This is a § 1983 excessive force case brought by Plaintiff Akeem Bagley against Defendant Rudy Guillen, an officer with Precinct 1 of the Harris County Constable. The Court will provide only a brief recounting of the facts. A more robust summary can be found in a prior Memorandum & Order. *See* ECF No. 44.

On May 30, 2019, Plaintiff had a series of encounters with police. First, Plaintiff was issued a ticket for parking too close to a railroad. After receiving the parking citation, Plaintiff encountered the officers again at a nearby gas station, where there was a verbal altercation between Plaintiff and the officers. At some point during his time at the gas station, Plaintiff opened his trunk and looked inside. After leaving the gas station, Bagley was pulled over by the same officers for a disputed traffic violation. During the traffic stop, Defendant deployed his taser on Plaintiff,

1

giving rise to the present suit. After this use of force, the officers searched Plaintiff's car and found a 15-inch knife in the trunk.

Plaintiff initially brought § 1983 claims for excessive force, unlawful arrest, and illegal detention. ECF No. 1. On summary judgment, the Court dismissed Plaintiff's claims for unlawful arrest and illegal detention, leaving only the excessive force claim for trial. ECF No. 44.

## II. ANALYSIS

### a. Evidence that a knife was subsequently found in Bagley's trunk

Defendant intends to introduce evidence that a knife was found in the trunk of Plaintiff's vehicle after the use of force incident. Plaintiff seeks to preclude "[a]ny mention, reference or statement related to the machete/sword found in the trunk of Mr. Bagley's vehicle after the use of force was completed." ECF No. 59-12 at 9. Relatedly, Plaintiff objects to Defendant's Exhibit 6, which is a photo of the knife found in Plaintiff's trunk. ECF No. 59-14 at 3.

Whether an officer's use of force violates the Fourth Amendment depends on whether "the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* at 396. Moreover, this test is heavily fact dependent and requires assessing "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.*

Defendant appears to be offering evidence of the knife to go towards whether Plaintiff posed an immediate threat to the safety of the officers. However, the parties agree that the officers did not discover the knife until *after* the use of force. Further, there does not appear to be any

assertion that Plaintiff made a move to access his trunk during the traffic stop. As noted above, the excessive force inquiry asks whether a reasonable officer would believe they were in danger "*at the moment of the threat* that resulted in the [use of force]." *Bazan ex rel. Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 493 (5th Cir. 2001); *see also Fraire v. City of Arlington*, 957 F.2d 1268, 1276 (5th Cir. 1992) ("[R]egardless of what had transpired up until the shooting itself, Young's movements gave the officer reason to believe, at that moment, that there was a threat of physical harm."). Thus, the fact that there was a knife subsequently found in the trunk of Plaintiff's car has no bearing on the question of whether a reasonable officer would have believed that they were in danger at the moment the taser was deployed. Introducing this evidence is likely to prolong the trial, confuse jurors, and tempt them to engage in the type of hindsight analysis of dangerousness that is expressly prohibited. Accordingly, the Court finds that the undue prejudice and potential confusion caused by introducing this evidence substantially outweighs its probative value. *See* Fed. R. Evid. 403. Plaintiff's Motion *in Limine* is **GRANTED** and Plaintiff's objection to Defendant's Exhibit 6 is **SUSTAINED**.

> b. **Evidence that Plaintiff opened his trunk at the gas station**

Although this issue was not raised in a Motion *in Limine*, the parties represented to the Court at the Pretrial Conference that there is a dispute over whether Defendant can introduce testimony that Plaintiff opened his trunk at the gas station. Because no motion, objection, or briefing has been submitted on this issue, the Court defers judgment until trial.

> c. **Evidence that criminal charges were brought and dismissed**

Following his arrest, Plaintiff was charged with interference of public duties of a police officer during a traffic stop. This charge was eventually dropped. Plaintiff moves to exclude "[a]ny mention, reference, or statement related to criminal charges being brought or accepted against

Plaintiff related to the incident that forms the basis for this lawsuit." ECF No. 59-12 at 9. Defendant moves to exclude "any reference that any charges against Mr. Bagley were dismissed." ECF No. 59-11 at 3.

The Court finds that any reference to the fact that charges were brought, accepted, or dismissed should be excluded. The danger that discussion of these charges will confuse or mislead the jury substantially outweighs their probative value. *See* Fed. R. Evid. 403. This is consistent with the decisions of other courts to exclude such evidence in excessive force cases. *See, e.g., Allen v. City of Los Angeles*, No. CV 10-4695 CAS RCX, 2012 WL 1641712, at *3 (C.D. Cal. May 7, 2012) ("[T]he fact that criminal charges were filed against plaintiff and later dropped, is not relevant to prove that the officers used unreasonable force against her. At the same time, such evidence is likely to confuse the jury."); *Starks-Harris v. Taylor*, No. 1:08-CV-176, 2009 WL 2970382, at *3 (N.D. Ind. Sept. 11, 2009) ("Whether or not Starks–Harris was later charged with a crime is irrelevant when deciding whether the amount of force the Officers used in arresting her was excessive. Furthermore, significant prejudice or confusion could arise if the jury seeks to gauge the use of force at the time of the arrest to the charges later lodged by the prosecuting attorney."); *Zahn v. Solano*, No. 4:10-CV-864-Y, 2015 WL 13632437, at *1 (N.D. Tex. Mar. 10, 2015) (excluding "any reference to any criminal charges filed or not filed against Plaintiff . . . because such evidence is irrelevant and potentially misleading to the jury); *Picciano v. McLoughlin*, No. 5:07-CV-0781 GTS/GJD, 2010 WL 4366999, at *6 (N.D.N.Y. Oct. 28, 2010) ("[T]he ultimate disposition of Plaintiff's arrest is irrelevant to the issue of whether Plaintiff was subjected to excessive force, and is likely to confuse the jury."). Accordingly, both parties' Motions *in Limine* are **GRANTED**.

### d. Evidence related to the claims that have been dismissed

Defendant seeks to exclude "[a]ny reference regarding the fact that a party may have had alternative pleadings, other theories of liability, witnesses or other requests for relief in this lawsuit that did not go to trial, including false arrest, lack of probable cause or illegal seizure. Included in this limine motion, any reference that any charges against Mr. Bagley were dismissed; any reference that the stop or detention was illegal or lacking in probable cause, or predicate for Cpl. Guillen's stop, as these claims have been dismissed."[1] ECF No. 59-11 at 3.

Plaintiff contends that some of the evidence underlying the dismissed claims is also probative as to his excessive force claim. As discussed above, the jury will have to consider, among other things, "the severity of the crime at issue" in assessing the reasonableness of the force used. *See Graham*, 490 U.S. at 396 (1989). Plaintiff argues that, for example, evidence related to whether Plaintiff did in fact use his turn signal before being stopped relates to whether there was any underlying criminal conduct. The Court agrees with Plaintiff that some evidence might be probative of both his live excessive force claim and his dismissed unlawful arrest and illegal detention claims. Continuing with the turn signal example, evidence that Plaintiff did or did not use his turn signal goes towards both the severity of the crime at issue—a component of his excessive force claim—and whether there was probable cause for the arrest — a component of the dismissed unlawful arrest claim.

Accordingly, the Motion *in Limine* is **GRANTED IN PART** and **DENIED IN PART**. It is denied with respect to evidence of the circumstances surrounding the stop that bear on the excessive force factors. It is granted with respect to references of the dismissed claims and evidence that goes solely towards proving those dismissed claims.

---

[1] As noted above, evidence of any criminal charges against Plaintiff that were dismissed will be excluded.

Relatedly, Defendant also seeks exclusion of "[a]ny evidence that Mr. Bagley used his turn signal because of the 'tick tick' noise in his cell phone video as he was driving behind the officers as the officers turned left over the railroad track" on the grounds that the Court has already "dismissed the claims regarding the traffic stop."[2] *Id.* For the reasons stated above, this Motion *in Limine* is **DENIED**.

e. **Evidence as to whether the law is clearly established**

Plaintiff seeks to prohibit any evidence "regarding whether it was clearly established that Defendant Rudy Guillen's conduct in this case violated Akeem Bagley's constitutional rights" because that "is a question of law that should be determined by the Court." ECF No. 59-12 at 3. The Court defers this matter for trial. To the extent this issue bears on the jury instructions, it will be taken up at the Charge Conference.

**IT IS SO ORDERED.**

Signed at Houston, Texas on June 13, 2024.

_____
Keith P. Ellison
United States District Judge

---

[2] At the Pretrial Conference, Defendant also argued that this evidence should be excluded because the noise of a turn signal inside a car does not definitively prove that a car's blinker is working. The Court finds that this goes towards the weight of the evidence, not its admissibility.