**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **AKEEM BAGLEY,** | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:21-cv-1335** |
| | § | |
| **RUDY GUILLEN,** | § | |
| ***Defendant.*** | § | |

# JURY INSTRUCTIONS

**<u>INSTRUCTION NO. 1</u>**

**PRELIMINARY INSTRUCTIONS ON THE LAW**

**MEMBERS OF THE JURY:**

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

**INSTRUCTION NO. 2**

**BURDEN OF PROOF**

Plaintiff has the burden of proving their case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely than not. If you find that Plaintiff has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim.

## INSTRUCTION NO. 3

**EVIDENCE**

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

**INSTRUCTION NO. 4**

**STIPULATIONS OF FACT**

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

In this case, the parties have stipulated that, at all times pertinent to this action, Defendant Rudy Guillen acted under color of State law. You must accept that fact as proved.

## INSTRUCTION NO. 5

**WITNESSES**

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

**INSTRUCTION NO. 6**

**LAW-ENFORCEMENT OFFICER TESTIMONY**

You are required to evaluate the testimony of a law-enforcement officer as you would the testimony of any other witness. No special weight may be given to his or her testimony because he or she is a law enforcement officer.

**INSTRUCTION NO. 7**

**EXPERT WITNESSES**

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

**INSTRUCTION NO. 8**

**NO INFERENCE FROM FILING SUIT**

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

**INSTRUCTION NO. 9**

**LIMITING INSTRUCTION**

When testimony or an exhibit is admitted for a limited purpose, you may consider that testimony or exhibit only for the specific limited purpose for which it was admitted.

## INSTRUCTION NO. 10

## PRIOR INCONSISTENT STATEMENTS

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**INSTRUCTION NO. 11**

**DEPOSITION TESTIMONY**

Certain testimony will be or has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Sometime before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers will be or has been read and/or shown to you. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

## INSTRUCTION NO. 12

### 42 U.S.C. SECTION 1983 — EXCESSIVE FORCE

Mr. Bagley claims that Defendant Rudy Guillen violated his constitutional right to be free from the use of excessive force during an arrest. The Fourth Amendment to the Constitution prohibits the use of unreasonable or excessive force while making an arrest, even when the arrest is otherwise proper. To prevail on his excessive-force claim, Mr. Bagley must prove the following by a preponderance of the evidence:

1. That he suffered an injury;

2. That the injury resulted directly from the use of force that was excessive to the need; and

3. That the excessiveness of the force was objectively unreasonable.

To determine whether the force used was reasonable under the Fourth Amendment, you must carefully balance the nature and quality of the intrusion on Mr. Bagley's right to be protected from excessive force against the government's right to use some degree of physical coercion or threat of coercion to make an arrest. Not every push or shove, even if it may later seem unnecessary in hindsight, violates the Fourth Amendment. In deciding this issue, you must pay careful attention to the facts and circumstances, including the severity of the crime at issue, whether Mr. Bagley posed an immediate threat to the safety of the officer or others, and whether he was actively resisting or attempting to evade arrest.

Finally, the reasonableness of a particular use of force is based on what a reasonable officer would do under the circumstances and not on this defendant's state of mind. You must decide whether a reasonable officer on the scene would view the force as reasonable,

without the benefit of 20/20 hindsight. This inquiry must take into account the fact that police officers are sometimes forced to make split-second judgments - in circumstances that are tense, uncertain, and rapidly evolving - about the amount of force that is necessary in a particular situation.

If you find that Mr. Bagley has proved by a preponderance of the evidence that the force used was objectively unreasonable, then Defendant Rudy Guillen violated Mr. Bagley's Fourth Amendment protection from excessive force and your verdict will be for Mr. Bagley on this claim. If Mr. Bagley failed to make this showing, then the force was not unconstitutional, and your verdict will be for Defendant Rudy Guillen on the excessive-force claim.

INSTRUCTION NO. 13

**QUALIFIED IMMUNITY**

As to the claim of excessive force, if you find that Plaintiff has proved each essential element, you must consider whether the Defendant is entitled to what the law calls "qualified immunity." Qualified immunity bars a defendant's liability even if he violated a plaintiff's constitutional rights. Qualified immunity exists to give government officials breathing room to make reasonable but mistaken judgments about open legal questions. Qualified immunity provides protection from liability for all but the plainly incompetent government officers, or those who knowingly violate the law. It is Plaintiff's burden to prove by a preponderance of the evidence that qualified immunity does not apply in this case.

Qualified immunity applies if a reasonable officer could have believed that using force against Mr. Bagley by tasing him was lawful in light of clearly established law and the information Defendant Guillen possessed. But Defendant Guillen is not entitled to qualified immunity if, at the time he used force against Mr. Bagley by tasing him, a reasonable officer with the same information could not have believed that his actions were lawful. Law enforcement officers are presumed to know the clearly established constitutional rights of individuals they encounter.

In this case, the clearly established law at the time of the incident in question was that officers may consider a suspect's refusal to comply with instructions during a traffic stop in assessing whether physical force is needed to effectuate the suspect's compliance. It was also clearly established that when an arrestee is not actively resisting arrest the degree of force an officer can employ is reduced. It was further clearly established that a constitutional violation occurs when an officer tases an arrestee who is not actively resisting arrest.

If, after considering the scope of discretion and responsibility generally given to law enforcement officers in performing their duties and after considering all of the circumstances of

this case as they would have reasonably appeared to Defendant Guillen at the time of the incident, you find that Plaintiff failed to prove that no reasonable officer could have believed that using force against Mr. Bagley by tasing him was lawful, then Defendant Guillen is entitled to qualified immunity, and your verdict must be for him. But if you find that Defendant Guillen violated Mr. Bagley's constitutional rights and that Defendant Guillen is not entitled to qualified immunity, then your verdict must be for Plaintiff.

**INSTRUCTION NO. 14**

**CONSIDER DAMAGES ONLY IF NECESSARY**

If Plaintiff has proved his claim against Defendant Gillen by a preponderance of the evidence, you must determine the damages to which Plaintiff is entitled. You should not interpret the fact that I am giving instructions about Plaintiff's damages as an indication in any way that I believe that he should, or should not, win this case. It is your task first to decide whether Defendant Guillen is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendant Guillen is liable and that Plaintiff is entitled to recover money from him.

## INSTRUCTION NO. 15

**COMPENSATORY DAMAGES**

If you find that Defendant Guillen is liable to Plaintiff, then you must determine an amount that is fair compensation for all of Plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiff whole-that is, to compensate him for the damage that he has suffered. Compensatory damages are not limited to expenses that Plaintiff may have incurred because of their injury. If Plaintiff wins, he is entitled to compensatory damages for any physical injury, pain and suffering, and mental anguish that he has suffered because of any wrongful conduct by Defendant Guillen.

You may award compensatory damages only for injuries that Plaintiff proves were proximately caused by Defendant Guillen's allegedly wrongful conduct. The damages that you award must be fair compensation for all of Plaintiff's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant. You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiff has actually suffered or that he is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence: physical and mental pain and suffering experienced by Mr. Bagley as a result of the events in question.

Physical and mental pain means the conscious physical and emotional pain, torment, and suffering experienced by Mr. Bagley as a result of the occurrence in question.

Mental anguish means the emotional pain, torment, and suffering experienced by Mr. Bagley as a result of the occurrence in question.

Mental or physical pain and suffering are intangible things about which no evidence of value is required. In awarding these damages, you are not determining value, but instead determining what amount would fairly compensate for the injuries suffered here.

## INSTRUCTION NO. 16

**INJURY/PAIN/MENTAL ANGUISH**

You may award damages for any bodily injury that Mr. Bagley sustained and any pain and suffering or mental anguish that Mr. Bagley experienced in the past or will experience in the future as a result of the bodily injury. No evidence of the value of intangible things, such as mental or physical pain and suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate Mr. Bagley for the damages he has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make must be fair in the light of the evidence.

## INSTRUCTION NO. 17

## EMOTIONAL DISTRESS DAMAGES

To recover compensatory damages for mental and emotional distress, Plaintiff must prove that he has suffered a specific discernable injury with credible evidence. Hurt feelings, anger, and frustration are part of life and are not the types of harm that could support a mental-anguish award. Evidence of mental anguish need not be corroborated by doctors, psychologists, or other witnesses, but Plaintiff must support his claims with competent evidence of the nature, extent, and duration of the harm. Damages for mental or emotional distress must be based on the evidence at trial. They may not be based on speculation or sympathy.

## INSTRUCTION NO. 18

**DUTY TO DELIBERATE; NOTES**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a [jury foreperson] [presiding juror] to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your [jury foreperson] [presiding juror] must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the [jury foreperson] [presiding juror] should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep

in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

Signed at Houston, Texas on June 18, 2024.

Keith P. Ellison
United States District Judge

# JURY QUESTIONS

## JURY QUESTION NO. 1:

Did Mr. Bagley prove by a preponderance of the evidence that he suffered an injury?

ANSWER:

Yes ✓ No______

If your answer to Question 1 is "Yes" then answer Question 2.

## JURY QUESTION NO. 2

Did Mr. Bagley prove by a preponderance of the evidence that the injury resulted directly from Defendant Guillen's use of force that was excessive to the need?

ANSWER:

Yes ✓ No______

If your answer to Question 2 is "Yes" then answer Question 3.

## JURY QUESTION NO. 3

Do you find by a preponderance of the evidence the Defendant Guillen's acts were objectively unreasonable in light of clearly established law and the information known by him at the time of the use of force?

ANSWER:

Yes ✓ No______

If your answer to Question 3 is "Yes" then answer Question 4.

**JURY QUESTION NO. 4**

What sum of money, if any, now paid in cash, would fairly and reasonably compensate Mr. Bagley for his compensatory damages which were a direct and proximate consequence of the conduct by Defendant Rudy Guillen found by you in answering Questions 2 and 3? Answer in dollars and cents, if any, or zero.

Physical Pain: $ 50,000.00

Mental Anguish: $ 5,000.00

Your deliberations are complete, and you may notify the bailiff.

**VERDICT OF THE JURY**

We, the jury, have unanimously agreed to the answers to the attached questions and return such answer in open court, and under the instructions of the Court, as our verdict in this cause.

[signature] 6-18-24

FOREPERSON DATE